[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff (Williams) brings this action for money damages for injuries she sustained alleging that the defendant, City of New Haven (City) was negligent in maintaining the stairs at the police station at Union Avenue, New Haven. Essentially Williams alleges that the stairs were unsafe and while she was descending on the stairs she tripped and her shoe got stuck in the cracks of the first step of the New Haven Police Department building (Revised Complaint dated March 20, 1997.)
The defendant filed two special defenses. The First Special CT Page 5960 Defense is that the plaintiff was contributory negligent which was a substantial factor in causing the occurrence. The Second Special Defense is that the plaintiff's claims are barred by the Doctrine of Governmental Immunity
The Revised complaint has not named a specific municipal employee; rather she alleged that the negligence of the "Building Maintenance Supervisor and employees" resulted in her injuries. Assuming arguendo the plaintiff brought this action against a specific municipal employee, governmental immunity would still be a defense unless the plaintiff pleaded sufficient facts, so as to come within an exception to that doctrine.
The plaintiff presented this case to the court on the theory of common-law negligence. The plaintiff testified that as she was descending the stairs leading from the New Haven Police Department building on Union avenue, she fell, causing her to be taken to the Emergency Room. She returned to the place where she fell and found heel lifts from both shoes in a crack/hole on the stairs about one inch apart, in a hole/crack of the first stair leading from the building. The plaintiff did not tell her doctor of this incident, the next day during her visit for treatment for another prior accident.
The court concludes that her testimony of how she fell is inconsistent with any logic that both heel lifts were found one inch apart in a crack she found after she returned to where she fell. Not withstanding there was a defect in the stairs, the plaintiff failed to prove the defect was the proximate cause for the fall.
The court further finds that the plaintiff cannot prevail as a matter of law. "[I]t is the settled law of this state that a municipal corporation is not liable for negligence in the performance of a governmental function. . . . [The Connecticut Supreme Court] has previously stated that [a] municipality itself was generally immune from liability for its tortious acts at common law. . . however, that governmental immunity may be abrogated by statute." (Citations omitted; internal quotations marks omitted.) Williams v. New Haven, 243 Conn. 763, 766, — A.2d — (1998); see also Gordon v. Bridgport HousingAuthority, 208 Conn. 161, 165-170, 544 A.2d 1185 (1998) (analyzing the scope of governmental immunity regarding negligent acts of individual government employees).[1] Therefore, the general rule of law applicable in Connecticut is that a CT Page 5961 municipality is immune from liability for negligence unless the legislature explicitly abrogates that immunity by statute. Id.,
Because it is clear that a municipality enjoys governmental immunity for commonlaw negligence unless a statute has limited or abrogated that immunity the plaintiff cannot prevail.
The doctrine of governmental immunity is fatal.
Judgment in favor of the defendant City of New Haven.
Frank S. Meadow Judge Trial Referee